# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSITY OF BRITISH COLUMBIA,<br><br>    Plaintiff,<br><br>vs.<br><br>CAPTION HEALTH, INC., GE HEALTHCARE TECHNOLOGIES INC.,<br><br>    Defendants. | Case Number: 5:24-cv-03200-EKL<br><br>STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION |

Upon the stipulation of the parties, the Court ORDERS as follows:

    1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

    2. This Order may be modified in the Court's discretion or by stipulation. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 Conference.

    3. As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

    4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

    5. The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer

1  regarding Electronically Stored Information.

2      6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45
3  shall not include email or other forms of electronic correspondence (collectively "email"). To
4  obtain email parties must propound specific email production requests.

5      7. Email production requests shall only be propounded for specific issues, rather than
6  general discovery of a product or business.

7      8. Email production requests shall be phased to occur after the parties have exchanged
8  initial disclosures and basic documentation about the patents, the prior art, the accused
9  instrumentalities, and the relevant finances. While this provision does not require the production
10 of such information, the Court encourages prompt and early production of this information to
11 promote efficient and economical streamlining of the case.

12     9. Email production requests shall identify the custodian, search terms, and time frame.
13 The parties shall cooperate to identify the proper custodians, proper search terms and proper
14 timeframe as set forth in the Guidelines.

15     10. Each requesting party shall limit its email production requests to a total of five
16 custodians per producing party for all such requests. The parties may jointly agree to modify this
17 limit without the Court's leave. The Court shall consider contested requests for additional
18 custodians, upon showing a distinct need based on the size, complexity, and issues of this
19 specific case. Cost-shifting may be considered as part of any such request.

20     11. Each requesting party shall limit its email production requests to a total of ten search
21 terms per custodian per party. The parties may jointly agree to modify this limit without the
22 Court's leave.  The Court shall consider contested requests for additional search terms per
23 custodian, upon showing a distinct need based on the size, complexity, and issues of this specific
24 case. The Court encourages the parties to confer on a process to test the efficacy of the search
25 terms. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such
26 as the producing company's name or its product name, are inappropriate unless combined with
27 narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive
28 combination of multiple words or phrases (*e.g.*, "computer" and "system") narrows the search

STIPULATION & ORDER RE:               CASE NO.  5:24-cv-03200-EKL
 E-DISCOVERY                                               2

1  and shall count as a single search term. A disjunctive combination of multiple words or phrases
2  (*e.g.*, "computer" or "system") broadens the search, and thus each word or phrase shall count as a
3  separate search term unless they are variants of the same word. Use of narrowing search criteria
4  (*e.g.*, "and," "but not," "w/x") is encouraged to limit the production and shall be considered
5  when determining whether to shift costs for disproportionate discovery. Should a party serve
6  email production requests with search terms beyond the limits agreed to by the parties or granted
7  by the Court pursuant to this paragraph, this shall be considered in determining whether any
8  party shall bear all reasonable costs caused by such additional discovery.

9      12. Nothing in this Order prevents the parties from agreeing to use technology assisted
10 review and other techniques insofar as their use improves the efficacy of discovery. Such topics
11 should be discussed pursuant to the District's E-Discovery Guidelines.

13     **IT IS SO STIPULATED**, through Counsel of Record.

14 DATED: November 8, 2024      */s/ Ramsey M. Al-Salam*
    Ramsey M. Al-Salam, Bar No. 109506
    RAlsalam@perkinscoie.com
    Dorianne Salmon, Bar No. 60202
    DSalmon@perkinscoie.com
    PERKINS COIE LLP
    1201 Third Avenue, Suite 4900
    Seattle, Washington 98101-3099
    Telephone: +1.206.359.8000
    Facsimile: +1.206.359.9000

    Moeka Takagi, Bar No. 333226
    MTakagi@perkinscoie.com
    PERKINS COIE LLP
    3150 Porter Drive
    Palo Alto, California 94304-1212
    Telephone: +1.650.838.4300
    Facsimile: +1.650.838.4350

    *Attorneys for Plaintiff/Counterclaim-Defendant*
    *University of British Columbia*

| | |
|---|---|
| DATED: November 8, 2024 | */s/ Jesse L. Jenike-Godshalk*<br>Jesse L. Jenike-Godshalk, pro hac vice<br>jesse.jenike-godshalk@thompsonhine.com<br>THOMPSON HINE LLP<br>312 Walnut Street, Suite 2000<br>Cincinnati, OH 45202<br>Telephone: (513) 352-6702<br><br>Marla R. Butler, pro hac vice<br>marla.butler@thompsonhine.com<br>THOMPSON HINE LLP<br>Two Alliance Center<br>3560 Lenox Road Suite 1600<br>Atlanta, Georgia 30326-4266<br>Telephone: (404) 407-3680<br><br>Jeffrey C. Metzcar, pro hac vice<br>jeff.metzcar@thompsonhine.com<br>THOMPSON HINE LLP<br>10050 Innovation Dr., #400<br>Miamisburg, OH 45342<br>Telephone: (937) 443-6841<br><br>Andrew Himebaugh, pro hac vice<br>andy.himebaugh@thompsonhine.com<br>THOMPSON HINE LLP<br>20 N. Clark Street, Suite 3200<br>Chicago, IL 60602<br>Telephone: (312) 998-4247<br><br>Jennifer Seraphine (State Bar No. 245463)<br>seraphine@turnerboyd.com<br>Vyson Hsu (State Bar No. 322336)<br>hsu@turnerboyd.com<br>TURNER BOYD SERAPHINE LLP<br>155 Bovet Road, Suite 750<br>San Mateo, CA 94402<br>Telephone: (650) 521-5930<br><br>*Attorneys for Defendants/Counterclaim-Plaintiffs Caption Health, Inc. & GE HealthCare Technologies Inc.* |

1   **IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  November 12, 2024

_____
SUSAN VAN KEULEN

UNITED STATES MAGISTRATE JUDGE